Case 2:10-cv-01926-JCM-LRL   Document 26   Filed 04/07/11   Page 1 of 8

1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7   ROBERT BOSCH LLC,                    2:10-CV-1926 JCM (LRL)
8           Plaintiff,
9   v.
10  JUIJIANG YADA TRAFFIC
11  EQUIPMENT CO. LTD.,
12          Defendant.
13
14                          **ORDER**

15   Presently before the court is plaintiff Robert Bosch, LLC's motion for entry of default
16  judgment against defendant Juijang Yada Traffic Equipment Company, Ltd. (hereinafter "Yada")
17  (Doc. #23).
18   This case stems from the alleged patent infringement of plaintiff Bosch's patents on flat and
19  beam type wiper blades (Patent Nos. 6,553,607 and 6,944,905) by defendant Yada. Plaintiff asserts
20  that defendant Yada is a Chinese corporation that imports and sells its wiper blades into the United
21  States, and that it attends the annual Automotive Aftermarket Products Expo ("auto expo") in Las
22  Vegas to facilitate this. In November of 2010, plaintiff asserts that defendant Yada attended the auto
23  expo and displayed and sold the wiper blades that infringe on its patents. Upon notification of the
24  infringing wipers, Bosch filed its complaint (doc. #1) seeking, among other relief, a permanent
25  injunction.
26   Plaintiff asserts that Yada appeared twice in this case, once by accepting service of the
27  summons and complaint (doc. #10), and once when it requested an extension of time to respond to
28

**James C. Mahan**
**U.S. District Judge**

the complaint. (Doc. #11 and #12). Further, as evidenced by the docket, defendant Yada obtained counsel, who later withdrew on December 28, 2010, and failed to answer or otherwise respond to the complaint by the court ordered due date of December 23, 2010. (Doc. #12). On December 27, 2010, plaintiff filed a motion for clerk's default for failure to answer pursuant to Federal Rule of Civil Procedure 55(a). (Doc. #20). The clerk entered default against defendant Yada on December 28, 2010. (Doc. #21).

**Motion for Default**

In the present motion for entry of default judgment, plaintiff asks this court to enter judgment against Yada, and to (1) declare that Yada infringed Bosch's patents (Patent Nos. 6,553,607 and 6,944,905) in violation of the patent laws of the United States, e.g. 36 U.S.C. § 271(a); and (2) to "permanently enjoin[] Yada, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, and those persons in active concert or participation with them, from making, using, selling, offering for sale, or importing into the United States, for the remaining terms of the '607 and '905 patents, any wiper blade products infringing these patents, including, without limitation, the infringing Yada-007 and Yada-117 wiper blades and any products that are a mere colorable variation of the same."

    **A.**    **Jurisdiction**

Before the court can enter default against a party who fails to plead or otherwise defend, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999).

    **1.**    **Subject Matter Jurisdiction**

Under 28 U.S.C. § 1441(b), this court has original jurisdiction over claims that turn on a substantial question of federal law. *Ultramor America, Ltd. V. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). Here, plaintiff's claims were brought under the patent laws of the United States, specifically, 35 U.S.C. §§ 271, 281, 283, 284, and 285. Therefore, this court has subject matter jurisdiction over the case. 28 U.S.C. § 1441(b).

**James C. Mahan**
**U.S. District Judge**

- 2 -

### 2. Specific Personal Jurisdiction/Venue

The long-arm statute in Nevada permits the court to exercise personal jurisdiction to the extent permitted by the United States Constitution. *See Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010). *Int'l Shoe v. Washington*, 326 U.S. 310 (1945) provides the court with a two part test to determine personal jurisdiction; (1) "whether the defendant purposefully established 'minimum contacts' in the forum state," and (2) "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) (internal quotation omitted).

Here, defendant Yada purposely availed itself to this state and it is not unreasonable for this court to exercise jurisdiction over it. When plaintiff's claim for relief arise out of defendant's activities at a trade show, the court has personal jurisdiction over the defendant because it 'purposely availed' itself of the privilege of serving the trade show market in Nevada. *Firouzabadi v. First Judicial Dist. Court*, 885 P.2d 616, 619-21 (Nev. 1994).

Here, defendant Yada came to Nevada to the auto expo on at least two occasions to commit the infringing acts of displaying, selling, promoting, gaining interest in, and developing "sales leads" for the wipers in question. Defendant was "importing" the infringing wipers to the United States by the simple act of displaying them at the auto expo. *See Fellowes, Inc. v. Michilin Prosperity Co.*, 571 F. Supp. 2d 571, 583-84 (E.D. Va. 2007) (holding that bringing items into the United States is importing within the meaning of 35 U.S.C. § 271(a)).

Further, as Yada willingly traveled to the United States to participate in the auto expo on several occasions, it is not unconstitutionally unreasonable for the court to exercise jurisdiction over it and to do so comports with "fair play and substantial justice" under *Burger King* and *Patent Rights. Burger King*, 471 U.S. 462, 474 (holding that "modern transportation and communications have made it much less burdensome for a party sued to defend [itself]" outside its home state.); *Patent Rights*, 603 F.3d 1364 (holding that the defendants' "admitted presence at numerous trade shows in Nevada indicates that...neither company faces particularly onerous burden in defending itself in Nevada.")

**James C. Mahan**
**U.S. District Judge**

1    As the court has held that it has personal jurisdiction over defendant Yada, this court is also
2    the proper venue for the case under 28 U.S.C. § 1400(b). *See* 28 U.S.C. § 1391(c)(2006); *VE*
3    *Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), *cert denied*,
4    499 U.S. 922 (1991) (venue is proper in patent infringement actions in the judicial district where a
5    corporate defendant is subject to personal jurisdiction).

6    **B.    Federal Rule of Civil Procedure 55(b)**

7    Pursuant to Federal Rule of Civil Procedure 55(b), following the clerk's entry of default
8    against a defendant under rule 55(a), a court may enter default judgment against a defendant upon
9    motion by the plaintiff. *See Playboy Enters. Int''l, Inc. v. Muller*, 314 F. Supp. 2d 1037, 1038–39 (D.
10   Nev. 2004); *Ring Central, Inc. v. Quimby*, 711 F. Supp. 2d 1048, 1057 (N.D. Cal. 2010). Here, the
11   clerk entered default against defendant Yada on December 28, 2010 (doc. #21), for failing to plead
12   or otherwise defend, thereby making plaintiff's motion for default judgment proper.

13   The court looks at the following factors to determine if entering a default judgment is
14   appropriate; (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive
15   claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the
16   possibility of a dispute concerning material facts; (6) whether the default was due to excusable
17   neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions
18   on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) (*citing* 6 Moore's Federal
19   Practice § 55.31 (3d ed. 1997)); *see Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, No.: 2:05-cv-
20   01532-RLH-GWF, 2008 U.S. Dist. LEXIS 50839, at *11–12 (D. Nev. July 1, 2008) (same).

21   **1.    Prejudice To The Plaintiff**

22   The court agrees with the plaintiff that there will be substantial prejudice to the plaintiff if
23   the default judgment is not entered. As defendant Yada has failed to respond or otherwise answer
24   the complaint, plaintiff "will be left without a remedy if default judgment is not entered in its favor."
25   *See RingCentral*, 711 F. Supp. 2d at 1058. By failing to defend, Yada has essentially admitted the
26   infringement, and unless the infringement seizes, it will cause damages and irreparable harm to the
27   plaintiff. (Doc. #23-1 Exhibit A); *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 Therefore, this factor weighs in favor of entering the default.

## 2. Merits of the Claim/Sufficiency of the Complaint

The second two factors deal with whether the plaintiff has plead facts to support a claim on which the plaintiff may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175–76 (C.D. Cal. 2002), *Koninklijke*, 2008 U.S. Dist. LEXIS 50839, at *12–13 (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D.494 (C.D. Cal. 2003)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Geddes*, 559 F.2d at 560 (citing *Pope v. United States*, 323 U.S. 1, 12, (1944)); *see also* Fed. R. Civ. P. 8(b)(6).

As previously mentioned, the court entered default against defendant Yada in December of 2010. (Doc. #21). Since clerk's default was properly entered, the facts alleged in the complaint, specifically, the fact that the defendant continues to infringe on the patents owned by the plaintiff, are accepted as true. Further, the plaintiff has provided the court with substantial evidence and documentation to support its claims for relief. Thus, the second and third factors weigh in favor of entering default judgment against the defendant.

## 3. Sum of Money At Stake

The amount of money at stake is a non-issue in this case because as defendant has not answered, plaintiff is unable to "determine the specific amount of monetary damages it has suffered." This factor favors entering default against Yada.

## 4. Possibility of A Dispute Concerning Material Facts

As previously mentioned, defendant Yada accepted service of the complaint and has acknowledged this case several times (docs. #8, 9, and 10), yet has failed to dispute the allegation that it infringed on plaintiff's patents. Therefore, the court has no grounds to dispute the legitimacy of plaintiff's claims, and is inclined to enter default against defendant.

## 5. Excusable Neglect

Once again, because defendant was properly served, acknowledged the case, and even retained counsel, which demonstrates its "familiarity with legal processes" and a deliberate failure

**James C. Mahan**
**U.S. District Judge**

- 5 -

to respond, the defendant's neglect is not excusable. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 699 n.6 (9th Cir. 2001), overruled on other grounds, *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) ("we have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith."). Therefore, this factor weighs heavily towards entering default against defendant Yada.

### 6. Public Policy

Lastly, when, as here, a defendant fails to defend after acknowledging the complaint and appearing in the case, it has "forfeited any right to have the case heard on its merits." *See PepsiCo*, 238 F. Supp. 2d at 1177 (stating that "[d]efendant's failure to answer [p]laintiffs' [c]omplaint makes a decision on the merits impractical, if not impossible," and "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action"); *Koninklijke*, 2008 U.S. Dist. LEXIS 50839, at *19. This factor supports a finding that entering default judgment is proper.

### C. Relief Sought

In the plaintiff's complaint (doc. #1), it seeks an "injunction against continued infringement," as well as monetary relief. As the court has determined that monetary relief is impossible, injunctive/declaratory relief is the only remaining remedy plaintiff has. Therefore, the relief that plaintiff seeks is appropriate. Fed. R. Civ. P. 54(c) (providing that default judgment entered against a party "must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Pursuant to 25 U.S.C. § 283, a court may grant a permanent injunction where a patentee has shown (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Here, these factors support entering a permanent injunction.

First, as the court has already determined, plaintiff will suffer irreparable injury, financially

James C. Mahan
U.S. District Judge

- 6 -

1    and otherwise, if defendant continues to infringe on its patents. Second, as also previously
2    mentioned, plaintiff has no possibility of recovering monetary damages because defendant is a
3    Chinese corporation, and even in the event that it could recover, it could not properly calculate
4    damages because defendant has not answered the complaint. *See RPA Int'l Pty Ltd. v. Compact Int'l*
5    *Inc.*, No. 06cv1147 WQH (AJB), 2010 U.S. Dist. LEXIS 81171, at *25-27 (S.D. Cal. Aug. 11, 2010)
6    ("Plaintiffs are unlikely to be able to recover damages awarded by this court because defendants are
7    located overseas or have defaulted in this litigation"); *see also Broadcom Corp. v. Qualcomm, Inc.*,
8    543 F.3d 683, 703-04 (Fed. Cir. 2008) (injunction against an infringer is appropriate where "a
9    calculation of damages is inherently speculative" or difficult (quoting *Jacobsen v. Katzer*, 535 F.3d
10   1373 (Fed. Cir. 2008)), *Canon, Inc. v. GCC Int'l Ltd.*, 263 Fed. Appx. 57, 62 (Fed. Cir. 2008)
11   (unpublished) (finding that the low probability that the patentee could collect a money judgment
12   weighed in favor of granting an injunction).

13   Third, as evidenced by the fact that defendant is unlawfully using selling, promoting, and
14   making patented wipers, the balance of hardships tips towards the plaintiff who is suffering due to
15   this infringement. Lastly, the public interest would be best served by disallowing an infringer to
16   continue infringing and by adequately providing a remedy for the patent holder who is being
17   wronged. Public policy "favoring the enforcement of patent rights" will be furthered by the
18   injunction in this case. PPG Indus., Inc. v. Guardian Indus. Corp., 75 F.3d 1558, 1567 (Fed. Cir.
19   1996); see also Kewanee Oil Co. v Bicron Corp., 416 U.S. 470, 480 (1974) ("The patent laws
20   promote this progress by offering a right of exclusion for a limited period as incentive to inventors
21   to risk the often enormous costs in terms of time, research, and development.").

22   As the court has determined that the factors for default judgment and a permanent injunction
23   weigh in favor of plaintiff, the motion for default judgment (doc. #23) is granted. Further, as the
24   evidence supports a finding that defendant Yada infringed on the plaintiff's patents (Patent Nos.
25   6,553,607 and 6,944,905) in violation of the patent laws of the United States, e.g. 36 U.S.C. §
26   271(a), the court is inclined to grant declaratory relief as well.

27
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Robert Bosch, LLC's motion for entry of default judgment against defendant Juijang Yada Traffic Equipment Company, Ltd. (doc. #23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Juijang Yada Traffic Equipment Company, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, and those persons in active concert or participation with them, are permanently enjoined from making, using, selling, offering for sale, or importing into the United States, for the remaining terms of the '607 and '905 patents, any wiper blade products infringing these patents, including, without limitation, the infringing Yada-007 and Yada-117 wiper blades and any products that are a mere colorable variation of the same.

DATED April 4, 2011.

_____
**UNITED STATES DISTRICT JUDGE**